UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-4218-SNOW

UNITED STATES OF AMERICA,       :

      Plaintiff,       :

v.       :

RICHARD ABRAHAM,       :

      Defendant.       :



**DETENTION ORDER**

Pursuant to 18 U.S.C. § 3142(f), on September 13, 2000, a hearing was held to determine whether the defendant **Richard Abraham** should be detained prior to trial. Having considered the factors enumerated in 18 U.S.C. § 3142(g), this Court finds that no condition or combination of conditions will reasonably assure the appearance of this defendant as required and/or the safety of any other person and the community. Therefore, it is hereby ordered that the defendant **Richard Abraham** be detained prior to trial and until the conclusion thereof.

In accordance with the provisions of 18 U.S.C. § 3142(i), the Court hereby makes the following findings of fact and statement of reasons for the detention:

1. The defendant is charged with wire fraud, in violation of 18 U.S.C. § 1343. 18 U.S.C. § 3142(g)(1).



2. The weight of the evidence against the defendant is substantial. Government witnesses will testify that on September 4, 2000, the defendant, posing as a wealthy private financier, solicited from Robert Jones a $30,000 up front payment for a loan of $1.5 million to Jones. The defendant has no ability to fund such a loan. On September 11, 2000, the defendant sent by fax from Florida to Indiana a loan commitment document.

That same day, the defendant arranged to meet Jones at a Broward County restaurant to receive payment of the fee. The meeting took place as arranged, and Jones tendered a check to the defendant. At that time, state and federal officers approached the defendant to effect an arrest. The defendant fled on foot, but was apprehended.

At the time of the instant offense, the defendant was on bond in connection with a Florida charge of defrauding Gloria Valdes, a New York woman who operates a shelter for battered and abused women. Ms. Valdez tendered to the defendant a total of $69,800 as up front fees for loans totaling $6.1 million. The defendant admitted that he had neither the ability nor the intention of funding the loan, but was using the money from Ms. Valdes to pay off a loan shark debt. Ms. Valdes had wired the money to the defendant because she has a disabled son and is unable to leave the state of New York. At the time of the offense involving Ms. Valdes, the defendant was a fugitive on yet another fraud case. 18 U.S.C. § 3142(g)(2).

3. The pertinent history and characteristics of the defendant are that he is a Canadian citizen who apparently is not lawfully residing in the United States. In 1983, he was convicted on a federal charge of making a false statement on a loan application, and was sentenced to a two-year prison term. In 1993, the defendant was convicted of grand theft, and was sentenced to six years in prison. In 1999, the defendant again was charged with grand theft, but failed to appear and a fugitive warrant was issued. He must be deemed to be a risk of flight. 18 U.S.C. § 3142(g)(3)(A) and (B).

4. The defendant is charged with fraud in the amount of $30,000 and he has been engaged in similar frauds throughout the past seventeen years (except while in prison). Accordingly, the defendant constitutes a danger to the community. 18 U.S.C. § 3142(g)(4).

5. The Court specifically finds that there are no conditions or combination of conditions which reasonably will assure the defendant's appearance as required and/or the safety of any other person and the community. 18 U.S.C. § 3142(e).

Based upon the above findings of fact, which were supported by clear and convincing evidence, the Court has concluded that this defendant presents a danger to the community and there is a substantial likelihood that he will flee if released prior to trial. The Court hereby directs:

(a) That the defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal;

(b) That the defendant be afforded reasonable opportunity for private consultation with counsel; and

(c) That, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

DONE AND ORDERED at Fort Lauderdale, Florida, this _____ day of September, 2000.

_____
LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:

AUSA Steve Petri (FTL)
Pretrial Services (FTL)
AFPD Darryl Wilcox (FTL)

4