NIGHT BOX FILED
OCT 5 2000
CLARENCE MADDOX
CLERK, USDC/SDFL/FTL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6271-CR-FERGUSON

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| RICHARD ABRAHAM, | ) |
| | ) |
| Defendant. | ) |

**GOVERNMENT'S RESPONSE TO THE STANDING DISCOVERY ORDER**

The United States hereby files this response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

    A.    1.    The defendant made no written or recorded statements to law enforcement pertaining to this indictment. However, in a previous arrest on a similar scheme he made a taped confession a copy of which will be provided to defense counsel at the discovery conference.

            2.    The defendant made a number of statements after Miranda warnings. On 8/11/00, after his arrest and Miranda warning by state law enforcement

/13

officers, he said I'll tell you the truth this time. He said he stole the money from Gloria Valdes to pay back loan sharks to whom he owes $150,000. He said he stole the money from Valdes to pay the loan sharks as a guys gotta do what a guys gotta do. When asked if any part of his actions were legitimate he said "it is a fraud." When asked about a vehicle (Jeep Cherokee) he said he had loaned Marie Breton $16,800 to buy it. When asked if he would make a statement on tape, he requested an attorney. On 9/14/00, after his arrest by federal and state authorities, in reference to the deal with Bob Jones, Abraham said the deal was legitimate and he was going to have the money wired from attorney friends of his in Canada. When asked for the names of his attorney friends Abraham stated I can't tell you that. He also said he was not related to the Abraham car dealer. He said Wayne Huisinga previously bought that dealership and sold it to Maroone. When being booked he gave his name as Richard Douglas Daniel Abraham, and said he also used the name John Abraham, and gave two dates of birth July 15, 1939 and March 30, 1943 for his other name. He gave his home address and telephone numbers, and said he was employed as a self-employed real estate investor.

3. No defendant testified before the Grand Jury.

4. A copy of the defendant's criminal history will be provided as soon as received by this office.

5. Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant may be inspected at a mutually convenient time at the Office of the United States Attorney. Undersigned counsel has spoken with defense counsel Patrick Hunt to set up a discovery meeting, however Mr. Hunt was unsure if his office was going to be representing Abraham based upon his desire to hire a private counsel.

6. There were no physical or mental examinations or

scientific tests or experiments made in connection with this case.

- B. DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

- C. The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976). At present, the undersigned AUSA is unaware of any Brady information.

- D. The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959). At present, no government witnesses have received any benefits of this type.

- E. The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial. At present, the government does not expect to be calling any such witness at trial.

- F. The defendant was not identified in a show up.

- G. The government has advised its agents and officers involved in this case to preserve all rough notes.

- H. The government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

3

I.  The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

J.  The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K.  No contraband is involved in this indictment.

L.  The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession.

M.  The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant.

N.  To date, the government has not received a request for disclosure of the subject-matter of expert testimony that the government reasonably expects to offer at trial.

O.  The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference.

P.  At the discovery conference to be scheduled in Section A.5, above, the government will seek written stipulations to agreed facts in this case, to be signed by the defendant and defense counsel.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial. In addition to the request made above by the government pursuant to both Section B of the Standing

4

Discovery Order and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the government hereby demands Notice of Alibi defense; the approximate time, date, and place of the offense was as specified in the indictment.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: /s/ Steven R. Petri
STEVEN R. PETRI
Assistant United States Attorney
Federal Bar No. A5500048
500 East Broward Blvd.
Suite 700
Fort Lauderdale, Florida 33394
Tel: (954) 356-7255 Ex. 3599
Fax: (954) 356-7366

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was delivered by United States mail this 5th day of October, 2000 to: Patrick Hunt, AFPD, 101 NE 3rd Avenue, Suite 202, Fort Lauderdale FL 33301.

/s/ Steven R. Petri
Steven R. Petri
Assistant United States Attorney

5