UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6271-CR-FERGUSON

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RICHARD ABRAHAM,

    Defendant.
_____/

NIGHT BOX
FILED
JUN 1 _ 2001
CLAIRE _ E. MADDOX
CLERK, USDC / SDFL / FTL

## DEFENDANT'S OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT AND REQUEST FOR DOWNWARD DEPARTURE

Defendant, Richard Abraham, respectfully files the following objections to the Presentence Investigation Report (PSI) prepared in this case, along with a request for a downward departure. None of the objections affects the calculated guideline range:

### OBJECTIONS.

**Paragraphs 6 and 7 (Count II).** Defendant maintains his position, as stated at the plea colloquy, that he never asked for a **cash** advance fee, and that the car he was driving was not in need of repair.

**Paragraph 9 (Count IV).** Defendant maintains that Marie Breton did not open an account in his name at Desjardins Bank. She opened an account in her own name. Defendant had an account in his own name at Desjardins Bank.



**Paragraphs 11 and 12.** Defendant maintains that he never claimed to be related to the Abraham Chevrolet family, and that he never actually met Fred Schnurr. He also maintains that the $30,000 check was not made out to him. It was left blank.

**Paragraph 42.** Defendant maintains that he told bank officials that Mr. Rahamanan was a **rug** merchant, not a drug merchant. Also, while he concedes that he was convicted of this charge, he maintains his innocence.

**Paragraph 43.** Defendant maintains that the listed names are not aliases, as his full given name is Richard Douglas Daniel Abraham.

**Paragraph 52.** Defendant asserts his innocence as to this charge, which was dismissed.

**Paragraph 55.** Defendant denies having anything to do with counterfeiting.

**Paragraph 62.** Defendant is awaiting the results of a biopsy of his prostate. He may have prostate cancer. If further information is available prior to sentencing, we will make the Court aware of it.

**Paragraph 64.** Defendant maintains that he does not drink alcohol at all.

**Paragraphs 86 and 87.** While the probation officer has advised counsel orally that he is not *recommending* an upward departure, Defendant nevertheless objects to the inclusion of a section enumerating factors that would warrant an upward departure. The probation officer's analysis neglects to point out that Mr. Abraham's offense level has already been increased **16 levels** based upon his criminal history. While appellate courts have consistently held that increasing a defendant's sentencing range both vertically (offense level) and horizontally (criminal history category) based upon the very same prior convictions is not double counting, certainly increasing the sentence a third time for past criminal conduct is overkill, and not appropriate in this (or any other) case.

## DOWNWARD DEPARTURE

Section 5K2.0 authorizes a court to depart downward where there exist factors not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described. U.S.S.G. § 5K2.0. The Sentencing Commission has tacitly acknowledged that the current guidelines for reentry after deportation following conviction for an aggravated felony do not adequately take into consideration the nature of the aggravated felony. Section 2L1.2(b)(1) has been revised by the Commission, with the revisions to take effect (absent enactment by Congress of legislation to the contrary) on November 1, 2001. Although this new guideline revision is not yet law, the Court may consider the Commission's actions in determining whether to depart.

New subsection 2L1.2(b)(1) is graduated. The enhancement of 16 levels applies only if the prior conviction was for a drug trafficking offense for which the sentence imposed exceeded 13 months; a felony crime of violence; a felony firearm offense; a felony child pornography offense; a felony national security or terrorism offense; a felony human trafficking offense; or a felony alien smuggling for profit offense. The enhancement will be 12 levels if the prior conviction was for a drug trafficking offense for which the sentence imposed was less than 13 months. For all other aggravated felonies, the enhancement will be 8 levels.

All of Defendant's prior convictions are in the nature of theft or fraud. Accordingly, under the new guideline, his base offense level for the reentry charge would be increased by only 8 levels, not 16. His adjusted offense level would be 16. With a multiple count adjustment applied, 2 levels would be added for a combined adjusted offense level of 18. After credit for acceptance of responsibility, the Defendant's Total Offense Level would be 15. With a Criminal History Category Five, the resulting guideline range would be 37-46 months. Defendant respectfully asks the Court

to consider departing to that range.

KATHLEEN WILLIAMS<br>
FEDERAL PUBLIC DEFENDER

By: _____

Patrick M. Hunt
Assistant
Federal Public Defender
Attorney for Defendant
Florida Bar No. 571962
101 NE 3rd Avenue, Suite 202
Ft. Lauderdale, Florida 33301
(954) 356-7436
FAX 954/356-7556

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing objections were mailed/delivered this 19th day of June, 2001 to Steve Petri, Assistant United States Attorney at 299 East Broward Blvd., Ft. Lauderdale, FL 33301, and to USPO Dennis Woolfolk, at 300 N.E. 1st Avenue, Miami, FL 33132.

_____
Patrick M. Hunt