UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>RICHARD D. ABRAHAM,<br><br>　　　　Defendant.<br>_____/ | CASE NO. 00-6271-CR-DIMITROULEAS |



### OMNIBUS ORDER DENYING RELIEF

THIS CAUSE having been heard upon Defendant's December 12, 2002 Motion For Return of Property [DE-47] and this case having been re-assigned to the undersigned [DE-48], and the Court having reviewed the Court file, finds as follows:

1. Defendant was arrested on September 11, 2000. [DE-2 and 28]. He was ordered held on Pre-Trial Detention on September 14, 2000. [DE-7 and 23]. He was indicted on September 19, 2000. [DE-8]. A superceding information was filed on March 13, 2001. [DE-32].

2. On March 16, 2001, the Defendant pled guilty to two counts of wire fraud and one count of illegal re-entry. [DE-34]. On July 3, 2001, the Defendant was sentenced to seventy (70)[1] months in prison. [DE-40].

3. On February 25, 2002, the Defendant filed a Motion to Release Bond Obligation. [DE-43]. On June 25, 2002, Judge Ferguson denied the motion, finding that the discharge of the Immigration Bond would be properly addressed to the executive branch of the federal

---

[1] The Judgment indicates 60 month sentences on the wire fraud count and a 10 month sentence on the illegal re-entry count, but it also says all to run concurrently. [DE-41].

1



government. [DE-44].

4. On August 26, 2002, the Defendant filed a motion for habeas and counsel [DE-45] and a motion for release from custody [DE-46]; in both he requests a return of his bond money.

5. On October 16, 2001, the Defendant filed this Motion for Release of Bond in the Middle District of Florida, probably because the bond company is located in the Middle District of Florida. On November 4, 2002, Judge Presnell transferred this matter to the Southern District of Florida.

6. On June 23, 2003, due to Judge Ferguson's recent death, the clerk reassigned the case to the undersigned.

7. This Court has jurisdiction to return property illegally seized from the Defendant. Fed. R. Crim. Procedure 41(e). This court continues to exercise equitable jurisdiction over such property even after the criminal proceedings have ended. U.S. v. Martinez, 241 F. 3d 1329, 1330 (11th Cir. 2001).

8. Here, no property was seized from the Defendant in this criminal case. As Judge Ferguson ruled on June 25, 2002, the bond was an immigration bond. The Defendant was never released from custody in this criminal case. This Court has no jurisdiction over the return of the immigration bond. As Judge Ferguson ruled on June 25, 2002, discharge of the bond should be addressed to the Department of Homeland Security (formerly INS).

Wherefore, Defendants' Motion For Habeas and Counsel [DE-45] is Denied. Defendant's Motion for Release From Custody [DE-46] is Denied. Defendant's Motion for Return of Property [DE-47] is Denied.[2]

---

[2]Defendant could have appealed Judge Ferguson's previous June 25, 2002 denial.

2

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, this 26 day of June, 2003.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Richard D. Abraham, #20008-004
c/o F.C.I.
P.O. Box 9000
Forrest City, ARK 72336-9000

Steve Petri, AUSA