```
 1                    UNITED STATES DISTRICT COURT
                      SOUTHERN DISTRICT OF FLORIDA
 2                            MIAMI DIVISION

 3

 4     UNITED STATES OF AMERICA,    .  CASE 00-6271- CR-WDF
                                    .
 5              PLAINTIFF,           .  MIAMI, FLORIDA
                                    .  JUNE 29, 2001
 6        v.                         .
                                    .
 7     RICHARD ABRAHAM,              .
                                    .
 8              DEFENDANT.           .
                                    .
 9     . . . . . . . . . . . . . .  .

10

11

12            TRANSCRIPT OF SENTENCING PROCEEDINGS HAD

13         BEFORE THE HONORABLE WILKIE D. FERGUSON,

14              UNITED STATES DISTRICT JUDGE.

15

16

17

18

19     APPEARANCES:

20     FOR THE GOVERNMENT:     JEFFREY KAY, AUSA

21     FOR THE DEFENDANT:      PATRICK HUNT, FPD

22     COURT REPORTER:         BRYNN DOCKSTADER, RMR

23

24

25
```

FILED by D.C.
DEC 6 2003
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

**Original**

```
 1                  FRIDAY, JUNE 29, 2001, 9:48, A.M.
 2            THE COURTROOM DEPUTY:  United States of America
 3    versus Richard Abraham.  Counsel, please, announce their
 4    appearances starting with the Government.
 5            MR. KAY:  Jeffrey Kay standing in for Steve Petre
 6    on behalf of the Government.  Good morning.
 7            MR. HUNT:  Patrick Hunt on behalf of Richard
 8    Abraham, who is present in court.
 9            MR. KAY:  Judge, we are missing the probation
10    officer.
11            THE COURT:  My courtroom deputy said they were
12    all here.
13            THE COURTROOM DEPUTY:  They were here.
14            (The probation officer enters the courtroom.)
15            THE COURT:  State your name.
16            PROBATION OFFICER:  Good morning, Your Honor.
17    George Ann Stanley.
18            THE COURT:  We are starting a few minutes early
19    because of the other case.  I don't know what happened to
20    the 9:30 case.
21            Who is the Assistant U.S. Attorney on that one?
22            THE COURTROOM DEPUTY:  Jeff Kaplan.
23            MR. KAY:  They are in the conference room.  I
24    just saw them in the conference room.
25            THE COURT:  Let's proceed with this.  Maybe they
```

1  are going to work out something.  All right.  Let's go
2  here.
3           There are a number of objections in this case to
4  the pre-sentence investigation report.  Have any of these
5  been resolved?
6           **MR. HUNT:**  Your Honor, one was resolved, but to
7  be honest with you all of these are objections which do not
8  affect the guideline range.
9           I discussed this with Mr. Abraham.  I wanted to
10 make sure the Court knew that we do not agree with
11 probation's position but I don't think you need to revolve
12 the --
13          **THE COURT:**  Did you resolve the one about the rug
14 merchant rather than a drug merchant?
15          **MR. HUNT:**  I'm quite sure it was a rug merchant.
16          **MR. KAY:**  It's supposed to be like that, Judge.
17          **THE COURT:**  All right.  They'll make that
18 correction to the PSI.
19          All right.  Go ahead.  Anything else?
20          **MR. HUNT:**  Your Honor, the only thing pending, as
21 I understand it, Probation is not requesting an
22 upward departure and the Government is not requesting an
23 upward departure.
24          While I addressed that in my pleadings, I don't
25 think anybody is requesting for that.  I requested a

1  downward departure, and I think I made my position pretty
2  clear in the pleadings.
3         This guideline is going to change in November
4  unless Congress acts to the contrary.  As far as I know,
5  Congress has only done that once since the sentencing
6  guidelines came out and that was with the crack cocaine
7  amendment that was proposed a couple of years ago to equate
8  crack with powder.
9         Unless Congress acts, the new law will come into
10 effect in November.  Probation is correct that the law that
11 is applicable now is what's on the books now; however, the
12 Court is authorized to depart where there are factors that
13 the commission has not adequately taken into account.
14         By coming forward and saying that we are amending
15 the guidelines, the commission is saying we did not
16 adequately take into account that there are differences in
17 the nature of aggravated felonies; and that first degree
18 for example, is a little bit different from someone who
19 receives stolen property.
20         Up until now those, were treated exactly the same
21 with a 16 level increase.  And under the proposed amendment
22 that will take effect in November, serious crimes which I
23 have laid out in the pleadings, serious crimes,
24 like violent crimes and drug crimes, for which a Defendant
25 will received more than 13 months, will continue to get the

```
 1    16 level increase.  But, it's graduated from there.
 2                Drug crimes that did not get that serious a
 3    sentence will get 12 levels, and all other crimes will get
 4    8.
 5                All of Mr. Abraham's prior convictions are white
 6    collar crimes.  None of them involve violence or guns or
 7    drugs or anything else.  And under the guidelines that will
 8    be coming into effect, he will get an eight-level increase.
 9                Since this is in the nature of the commission
10    saying we are reconsidering, we didn't adequately consider
11    these things, it will be a basis for you to depart under
12    5K2.0.
13                So, I'm asking you to do that on the re-entry
14    after deportation charge, which would bring him down --
15    with acceptance down to a level 15.
16                THE COURT:  I like the way you can change gears,
17    Mr. Hunt.  This is only a white collar crime.  It is not a
18    drug case.
19                You make the argument yesterday that the guy who
20    sells $20 worth of crack cocaine shouldn't get life.  But,
21    now you say that the guy who swindles somebody out of
22    $80,000 maybe he ought to get a slap on the wrist today.
23                MR. HUNT:  I'm in the business of changing gears,
24    Judge.
25                THE COURT:  All right.
```

1       **MR. HUNT:**  You should have heard me Wednesday.
2       **THE COURT:**  I'd like to know what happened there.
3       **MR. KAY:**  Judge, standing in for Steve Petre on
4  behalf of the Government, I filed the Government's
5  response, and obviously we take the position that Probation
6  takes, that you can't retroactively apply the new
7  guidelines that come into effect on November 1st.
8       Pursuant to the plea agreement and what Mr. Petre
9  has asked me to advise the Court, it is the Government's
10 position that we are going to recommend staying at level
11 21, and ask the Court to sentence the Defendant at the
12 lower end of the guidelines of seventy months.
13      **THE COURT:**  I understand the argument you are
14 making Mr. Hunt, but, certainly, suppose something does
15 happen where the recommendation is not approved?  That's
16 the likelihood, isn't it?
17      **MR. HUNT:**  Three answers to that.  The first is
18 that's not the likelihood.  The likelihood this will go
19 through.  Only one time in the history of the sentencing
20 commission has a proposed amendment not gone through.
21      It doesn't require approval from Congress.  It
22 requires an act of legislation to change it.
23      Secondly, if that's your position, as an
24 alternative ground, I would ask you to continue this case
25 until after November and find out.

```
 1                I don't think that is necessary.  The reason is
 2    whether it's ultimately approved or not, the commission has
 3    said, in effect, we didn't adequately consider this, and
 4    that is textbook grounds for departure.  We did not
 5    adequately consider the difference between --
 6           THE COURT:  Where is that stated?
 7           MR. HUNT:  In the proposed amendment.  I'm not
 8    saying that they -- I'm saying, in effect, that's what they
 9    mean are saying by coming back and lowering the increase
10    for certain types of crime.  That's the only explanation
11    for coming up with that amendment.
12           It is too harsh on some.  So, we are going to do a
13    graded increase based on the severity of the prior
14    convictions.
15           THE COURT:  I don't know.  I'd like to, but I
16    don't think I could get away with that one, basing a
17    sentence on what is not yet the law.
18           MR. HUNT:  Your Honor, I'd move to continue the
19    sentencing until November.
20           MR. KAY:  Judge, we object.
21           MR. HUNT:  It is not speculation.  It is
22    something that odds are very strong it is going to be the
23    law in November.
24           THE COURT:  Well, what recourse would you have if
25    I impose the sentence based on the law as it is, and you
```

1   have made the argument here, made the record here, and the
2   law does become what you think it will become, could you
3   come back?
4           MR. HUNT: I would probably be spending another
5   unpleasant morning in front of the Eleventh Circuit.
6           I don't know if I can come back. Unless the
7   commission specifically makes it retroactive, I don't think
8   there will be relief.
9           If they do make it retroactive, there are going to
10  be tens of thousands of cases coming back. I think that is
11  unlikely. I think the commission has to specifically say
12  it is retroactive, and I don't think that is in the
13  proposed amendment.
14          And I don't know what other relief I would have
15  unless you grant me relief to come back, for example,
16  sentencing today and somehow withholding imposition of the
17  judgment of commitment order until November.
18          I'm not sure I have a vehicle to come back.
19  That's why I'm asking the Court either for the relief now,
20  by way of departure, or to continue the sentencing.
21          THE COURT: Neither which is particularly
22  attractive. Continue a sentence until the end of the year
23  and or sentencing a Defendant pursuant to the law as you
24  expect it to change?
25          MR. HUNT: It's a bad law, Judge. Seventy months

```
 1   for re-entry after deportation is an extremely harsh
 2   sentence, and the sentencing commission is now finally
 3   recognizing it.
 4            THE COURT:  What did he plead to in this case?
 5   Is that the only --
 6            MR. KAY:  No, Your Honor.  He pled to Counts 2
 7   and 4 and 17 of the indictment.
 8            MR. HUNT:  Two fraud counts after re-entry after
 9   deportation.  And the fraud counts are so far below the
10   re-entry that only -- they would have an effect.
11            If you were to follow my argument, there would be
12   a multiple count adjustment.  But, as it is now because
13   reentry is a level 24 and the fraud, the adjusted fraud
14   with the entire amount is only a 15.
15            THE COURT:  What really hurts him is the criminal
16   history.  What is he a 4?
17            MR. KAY:  5.
18            MR. HUNT:  It hurts him twice.  He gets 16 levels
19   and he gets a category 5.
20            The courts have held that that is not double
21   counting.
22            THE COURT:  He gets 16 levels, a 16-level
23   enhancement, and what gives him the 16-level enhancement
24   are the same factors that also place him to Category 5 and
25   the courts have said that's okay.
```

1          **MR. HUNT:**  They have -- I mean, I could also make
2     a request of you to find that his criminal history is
3     overstated, but I thought that might be presumptuous given
4     the fact that probation is saying just the opposite and
5     asking you to triple count.
6          **THE COURT:**  I think all of you require me to at
7     least attempt to do an endrun around the law or the
8     Eleventh Circuit on this.
9          I'll sentence him to the lower end of the
10    guidelines, but that's the best I can do in this case.
11         Is there anything you'd like to say before the
12    sentence is pronounced, Mr. Abraham?
13         **THE DEFENDANT:**  No, Your Honor.
14         **THE COURT:**  The Court shall sentence the
15    Defendant within the guideline range.  It is the finding
16    that he is not able to payment a fine.  Therefore, no fine
17    will be imposed.
18         Restitution in this case is mandatory and that
19    restitution amount is $69,800.  No disagreement with that?
20         **MR. KAY:**  Not on behalf of the United States,
21    Your Honor.
22         **MR. HUNT:**  No, Your Honor.
23         **THE COURT:**  Pursuant to the Sentencing Reform Act
24    of 1984, it is the judgment of the Court that the
25    Defendant, Richard Abraham, is committed to the custody of

```
 1    the Bureau of Prisons to be imprisoned on a term of 70
 2    months.
 3             The term consists of 60 months as to Counts 2 and
 4    4, and 70 months as to Count 17 and they are to run
 5    concurrently with each other.
 6             It is ordered that the Defendant make restitution
 7    totalling $69,800 to the victim.  That victim being Gloria
 8    Valdez, address 175 West 90th Street, Apartment 119D, New
 9    York City, New York 10021.
10             Is there any evidence yet that any of the victims
11    in the prior cases recovered any of the moneys, any
12    restitution in those other cases?  Probation is aware of?
13             PROBATION OFFICER:  When I read the PSI, Your
14    Honor, there was no -- they received their money back --
15    may I have a moment, Your Honor?
16             MR. KAY:  Your Honor, I'm advised by the
17    investigator that the answer is no.
18             THE COURT:  It is ordered that the restitution be
19    made payable to the Clerk of the United States Courts,
20    addressed to the Clerk's Office, Financial Section, 301
21    North Miami Avenue, Room 150, Miami, Florida 33128.
22             The Clerk's Office will forward any payments made
23    to the victim.  The restitution is payable immediately.
24             The probation office and the U.S. Attorney's
25    Office are responsible for the enforcement of this
```

```
 1    provision for restitution.
 2            Upon release of imprisonment, the Defendant shall
 3    be placed on supervised release for three years as to
 4    Counts 1, 2, and 17.  All counts to run concurrently.
 5            And while on supervised release he shall not
 6    commit any federal, state, or local crimes and is
 7    prohibited from possessing a firearm or other dangerous
 8    device and shall not possess a controlled substance.
 9            In addition, he shall comply with the standard
10    conditions of supervised release that have been adopted by
11    the Court.
12            There are also two special conditions.  At the
13    completion of the term of imprisonment, he shall be
14    surrendered to the custody of Immigration and
15    Naturalization Service for removal proceedings consistent
16    with the Immigration and Nationality Act.
17            If it is determined at an administrative hearing
18    that he should be deported, then he shall not re-enter the
19    United States without the express permission of the
20    Attorney General.
21            The term of supervision shall be nonreporting if
22    he resides outside the United States.  If he shall re-enter
23    the United States within the term of supervised release for
24    any purpose, he is to report to the nearest United States
25    Probation Office within 72 hours of arrival.
```

```
1            It is further ordered that the Defendant is
2    assessed $100 as to each of Counts 2, 4, 17 for a total of
3    $300.
4            The total sentence, again, in recap is 70 months
5    of Bureau of Prisons, three years of supervised release,
6    restitution in the amount of $69,800 to the victim and a
7    $300 special assessment.
8            Now, that the sentence has been imposed, does the
9    Defendant or his Counsel object to any finding of fact made
10   here or the manner in which sentence has been pronounced?
11           MR. HUNT:  I renew my objection to your failure
12   to grant my downward departure motion and alternatively to
13   grant a continuance.
14           THE COURT:  I would add, for the record, here,
15   Mr. Hunt, that even if you were correct that there is no
16   impediment to the downward departure on this record, I
17   would not grant it.
18           Pursuant to the rules of procedure, Mr. Abraham,
19   you have a right to appeal the sentence.  Any notice of
20   appeal must be filed within ten days after the entry of
21   judgment in this case.
22           If you are not able to pay the costs of appeal,
23   you may apply for leave to appeal in what we call informa
24   pauperis, that is by filing your Notice of Appeal an
25   affidavit which sets forth your assets, liabilities, and
```

1   net worth.  If the affidavit is in good form, the costs of

2   the appeal will be waived.

3           Anything else for the record here?

4           **MR. KAY:**  Yes, Your Honor.  Pursuant to the plea

5   agreement, the Government would move to dismiss the

6   remaining counts as to Mr. Abraham.

7           **THE COURT:**  The motion is granted.  Anything from

8   the Defendant?

9           **MR. HUNT:**  No, Your Honor.

10          **THE COURT:**  All right.  Thank you, Counsel.

11          **MR. HUNT:**  Thank you, Judge.

12          (Proceedings concluded at 10:09, a.m.)

13

14

15              C E R T I F I C A T E

16  I CERTIFY THAT THE FOREGOING IS A CORRECT TRANSCRIPT FROM

17  THE RECORD OF PROCEEDINGS IN THE ABOVE-ENTITLED.

18

19  *Brynn Dockstader*                                11/28/03
    BRYNN DOCKSTADER, RMR                            DATE

20

21

22

23

24

25