UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,   CASE NO. 00-6271-CR-DIMITROULEAS

    Plaintiff,

vs.

RICHARD ABRAHAM,

    Defendant.
_____/



## O R D E R

THIS CAUSE is before the Court on Defendant's pro se unsworn January 26, 2005 letter complaining about good time, and the Court having reviewed the Court file, finds as follows:

1. On September 19, 2000, Defendant was indicted and charged with three counts of wire fraud. [DE-8].

2. On November 21, 2000, a Superceding Indictment was returned adding two more counts of Wire Fraud. [DE-19].

3. On March 13, 2001, a Superceding Information was filed adding eleven counts of Money Laundering and one count of Illegal Re-entry after Deportation Subsequent to an Aggravated Felony Conviction. [DE-32].

4. On March 16, 2001, Defendant pled guilty to two counts of Wire Fraud and one count of Illegal Re-entry after Deportation Subsequent to an Aggravated Felony Conviction. [DE-35].

5. On June 29, 2001, Judge Ferguson sentenced the Defendant to seventy (70) months in prison. [DE-41].



6. On August 26, 2002, Defendant filed a Motion For Habeas and Counsel. [De-45]. On that date, he also filed a Motion for Habeas to Release. [DE-46].

7. On December 12, 2002, Defendant filed a Motion For Return of Property. [DE-47].

8. On June 23, 2003, the Clerk reassigned this case to the undersigned. [DE-48].

9. On June 26, 2003, this Court denied all three of Defendant's post judgment motions. [DE-49].

10. On April 23, 2004, this Court denied a request for assistance with his Public Defender. [DE-53].

11. In this latest request, Defendant complains about the Bureau of Prisons' calculation of good time. It appears that the Bureau of Prisons can award credit for good time for each year served in prison rather than each year of the sentence imposed. White v. Scibana, 390 F. 3d 997 (7th Cir. 2004).

12. However, Defendant has not shown that he has exhausted any administrative remedies. Gonzalez v. United States, 959 F. 2d 211, 212 (11th Cir. 1992).

13. Moreover, Defendant's complaint about the Bureau of Prisons' treatment of his good time in a Texas prison does not confer jurisdiction on this Court in the Southern District of Florida.

14. Finally, Defendant has not filed a sworn motion pursuant to 28 U.S.C. § 2255[1] to vacate his conviction. Here, the Court has not recharacterized this request. Diaz v. Sec'y for D.O.C., 362 F. 3d 698, 701 (11th Cir. 2004).

---

[1] Whether such a motion would be time barred is not before the Court at this time.

Wherefore, Defendant's complaint about good time is **DISMISSED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ___7___ day of February, 2005.

_____
WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Richard Abraham, #20008-004
Interstate Unit W1-2
1801 West Interstate 20
Big Spring, Texas 79720

Steve Petri, AUSA